UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x

JACQUELINE PETERS,

                Plaintiff,

      v.                                **MEMORANDUM AND ORDER**
                                          25-CV-4176 (RPK) (JRC)

CAFTON TOWERS OWNERS CORP.,

                Defendant.

-------------------------------------------------------x

RACHEL P. KOVNER, United States District Judge:

      Plaintiff Jacqueline Peters, proceeding *pro se*, brings this action against defendant Cafton Towers Owners Corp. for alleged violations of the Fair Housing Act, 42 U.S.C. § 3601 *et seq.* Her complaint alleges that defendant discriminated against her because of her disability, including by denying her reasonable accommodations and terminating her lease in retaliation for requesting accommodations. *See* Compl. ¶¶ 21–28 (Dkt. #1). Plaintiff also filed a motion for a temporary restraining order ("TRO") and preliminary injunction enjoining defendant from evicting her. *See* Mot. for TRO (Dkt. #2). For the reasons below, the motion for a temporary restraining order is denied.

      First, there is no indication that plaintiff provided notice of her TRO request to defendant, and she has not satisfied the standard for obtaining a TRO without notice. Under Federal Rule of Civil Procedure 65(b)(1), a court may issue a TRO without notice to the adverse party only if (1) "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition," and (2) "the movant's attorney certifies in writing any efforts made to give notice

1

and the reasons why it should not be required." Fed. R. Civ. Pro. 65(b)(1); *see, e.g., Lim Tung v. Consol. Edison of N.Y.*, No. 19-CV-5444 (RRM) (SJB), 2019 WL 4805080, at *3 (E.D.N.Y. Oct. 1, 2019).

Neither requirement is met here. Plaintiff alleges no facts clearly showing that immediate and irreparable injury, loss, or damage would result before her adversary could be heard. The circumstances suggest otherwise: Plaintiff filed this action on July 29, 2025, and she alleges that her eviction is scheduled for August 1, 2025, *see* Compl. ¶ 19, meaning there were three days for defendant to be notified and heard before plaintiff faced eviction. And even if plaintiff had clearly shown immediate and irreparable injury, she has not certified in writing any efforts to provide notice nor any reasons why notice should not be required.

Second, plaintiff has not made the substantive showing for a TRO. In this circuit, "the standard for an entry of a TRO is the same as for a preliminary injunction." *Basank v. Decker*, 449 F. Supp. 3d 205, 210 (S.D.N.Y. 2020) (citation omitted). The movant "must establish that [she] is likely to succeed on the merits, that [she] is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in [her] favor, and that an injunction is in the public interest." *Shanghai Zhenglang Tech. Co. v. Mengku Tech. Co.*, No. 20-CV-5209 (JS) (ARL), 2020 WL 6826257, at *1 (E.D.N.Y. Nov. 20, 2020) (quoting *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008)).

Plaintiff has not shown that she is likely to succeed on the merits. Plaintiff first alleges that defendant violated the FHA by failing to provide reasonable accommodations for her disability in violation of 42 U.S.C. 3604(f)(3)(b). "A requested accommodation is reasonable where the cost is modest and it does not pose an undue hardship or substantial burden on the rule maker." *Austin v. Town of Farmington*, 826 F.3d 622, 630 (2d Cir. 2016). Plaintiff has not demonstrated that her

requested accommodations, including screening projects through an environmental expert, providing plaintiff with her own washer and dryer, restricting residents from burning candles and incense, and staying plaintiff's eviction until she completes lengthy medical treatment, would not impose unreasonable burdens on defendant. In addition, plaintiff alleges only that defendant "failed to respond in a timely manner" to these requests, not that defendant denied them. Compl. ¶ 8. Courts have sometimes held that a defendant "constructively denied a plaintiff's request for an accommodation through unreasonable delay." *Logan v. Matveevskii*, 57 F. Supp. 3d 234, 257 (S.D.N.Y. 2014). But typically the plaintiff must show that the "delay was caused by the defendant's unreasonableness, unwillingness to grant the requested accommodation, or bad faith, as opposed to mere bureaucratic incompetence or other comparatively benign reasons." *Ibid*. Here the delay was only two months, *see* Compl. ¶¶ 7–9, and plaintiff has alleged no facts suggesting that the delay amounted to a constructive denial.

Plaintiff also alleges that defendant discriminated against her and retaliated against her in violation of the FHA by terminating her lease when she requested accommodations and filed discrimination complaints. But plaintiff has not demonstrated that she is likely to succeed on discrimination or retaliation claims. According to an affidavit filed in state court by defendant, defendant terminated plaintiff's lease not because she requested accommodations or complained of illegal actions but because she created "near daily disturbances" in the apartment building, including sending "countless, harassing e-mails," "yell[ing] at her neighbors, Building staff, and Coop vendors," and "roaming the halls of the Building . . . in search of sources of purported noise, odor, fumes, or 'dangerous' substances." Compl. 37 (ECF Pagination). There is no "non-conclusory allegation of fact" in the complaint showing that this explanation is pretextual. *Austin*,

3

826 F.3d at 630; *see* Compl. ¶ 28 (simply asserting that "Defendant violated the Fair Housing Act by retaliating against Plaintiff for filing accommodation requests and discrimination complaints.").

\*   \*   \*

For the foregoing reasons, the motion for a temporary restraining order is denied. Although plaintiff paid the filing fee to commence this action, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

                                   /s/ Rachel Kovner
                                   RACHEL P. KOVNER
                                   United States District Judge

Dated: July 30, 2025
       Brooklyn, New York