UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------x

JACQUELINE PETERS,

                Plaintiff,

        v.

CATON TOWERS OWNERS CORP.,

                Defendant.
------------------------------------------------------x

**MEMORANDUM AND ORDER**
25-CV-4176 (RPK) (JRC)

RACHEL P. KOVNER, United States District Judge:

        Jacqueline Peters, proceeding *pro se*, brings this lawsuit against Caton Towers Owners Corporation ("Caton"), the manager of the residential building where she resides, for allegedly denying disability accommodations and pursuing a retaliatory eviction. Peters asserts claims under the Fair Housing Act, 42 U.S.C. § 3601, *et seq.*, and various state civil rights laws. She also moves for a temporary restraining order ("TRO") and preliminary injunction prohibiting Caton from (1) evicting her and (2) engaging in further discrimination. Peters requests a hearing on her motion for a preliminary injunction.

        In the Second Circuit, "the standard for an entry of a TRO is the same as for a preliminary injunction." *Basank v. Decker*, 449 F. Supp. 3d 205, 210 (S.D.N.Y. 2020) (citation omitted). The movant "must establish that [she] is likely to succeed on the merits, that [she] is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in [her] favor, and that an injunction is in the public interest." *Shanghai Zhenglang Tech. Co. v. Mengku Tech. Co.*, No. 20-CV-5209 (JS) (ARL), 2020 WL 6826257, at *1 (E.D.N.Y. Nov. 20, 2020) (quoting *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008)).

To the extent Peters seeks an injunction stopping her eviction, her motion for a TRO and preliminary injunction is denied because such relief is barred by the *Rooker-Feldman* doctrine. To the extent she seeks a TRO or preliminary injunction to prevent action other than her eviction, her motion is denied because she has not shown that she faces any irreparable harm from defendants besides eviction. Because this decision relies only on the facts as presented by Peters or as judicially noticed from the docket, Peters' request for a hearing is denied because there is no need for live testimony to resolve factual disputes. *See Md. Cas. Co. v. Realty Advisory Bd. on Lab. Rels.*, 107 F.3d 979, 984 (2d Cir. 1997) ("Generally, the district court is not required to conduct an evidentiary hearing on a motion for a preliminary injunction when essential facts are not in dispute.").

### I.   Injunctive Relief Relating to Eviction

Plaintiff's request for a TRO or preliminary injunction stopping her eviction is denied because that relief is barred under the *Rooker-Feldman* doctrine. Under that doctrine, "federal district courts lack [subject-matter] jurisdiction over suits that are, in substance, appeals from state-court judgments." *Sung Cho v. City of New York*, 910 F.3d 639, 644 (2d Cir. 2018) (quoting *Hoblock v. Albany Cnty. Bd. of Elections*, 422 F.3d 77, 84 (2d Cir. 2005)). For a claim to be barred under *Rooker-Feldman*, "four requirements must be met: (1) the federal-court plaintiff must have lost in state court; (2) the plaintiff must complain of injuries caused by a state-court judgment; (3) the plaintiff must invite district court review and rejection of that judgment; and (4) the state-court judgment must have been rendered before the district court proceedings commenced." *Id.* at 645.

Each requirement is met here. Prior to the filing of this action, Peters lost in a summary eviction proceeding before the Civil Court of the City of New York, Kings County. That court

2

considered the validity of Peters' eviction, ruled against her, and granted Caton a final judgment of possession and warrant of eviction. *See* Exhibit L, Mem. of L. Opp. Pl's Mot. for TRO (Dkt. #30-2).

Peters complains of an injury caused by that state-court judgment. She seeks injunctive relief preventing Caton "from taking any action to proceed with [her] eviction . . . including . . . executing on any warrant of eviction." Mot. for a TRO 1 (Dkt. #20). Because the eviction only became possible when the state court issued an eviction order, any injury stemming from the eviction was "produced" by the state court judgment. *Hoblock*, 422 F.3d at 88; *see Vossbrinck v. Accredited Home Lenders, Inc.*, 773 F.3d 423, 427 (2d Cir. 2014) (holding that "the injury of which [plaintiff] 'complains' . . . is the state foreclosure judgment" where plaintiff alleged defendants fraudulently obtained a foreclosure judgment and asked the district court "to grant him title to his property"); *Lyons v. Gene B. Glick Co., Inc.*, 844 F. App'x 866, 868–69 (7th Cir. 2021) ("[Plaintiff's] alleged injuries from [the eviction] set of claims . . . were complete only when the [state] court ordered the eviction. . . . Because [plaintiff] would not have suffered these injuries absent the eviction order, *Rooker-Feldman* blocks these claims." (internal quotation marks and citation omitted)).

Finally, Peters' motion invites reversal of the state-court judgment. While Peters did not raise her discrimination claims in the eviction proceeding, "a federal suit is not free from *Rooker-Feldman*'s bar simply because the suit proceeds on legal theories not addressed in state court." *Hoblock*, 422 F.3d at 87. It is enough that "the federal-court order, if granted, would seem to 'reverse' the state-court judgment." *Ibid.* That is the case here: the state court issued a warrant of eviction, and Peters asks for an injunction effectively voiding that warrant of eviction. *See Babalola v. B.Y. Equities, Inc.*, 63 F. App'x 534, 535–36 (2d Cir. 2003) (holding that plaintiff's

3

claim that she was "the victim of a discriminatory conspiracy to wrongfully evict her" is barred under *Rooker-Feldman* because it "would have to hold that the state courts erred in issuing a warrant for eviction").

Because Peters' request for a TRO and preliminary injunction stopping her eviction effectively seeks to reverse a state-court judgment issued against her before the filing of this action, it is barred under the *Rooker-Feldman* doctrine.

## II.  Injunctive Relief to Prevent Further Discrimination

While Peters' briefs focus almost exclusively on halting her eviction, Peters also requests a TRO and preliminary injunction prohibiting Caton "from engaging in any further retaliation, harassment, or denial of reasonable accommodations." Mot. for a TRO 1. That request is denied. Other than plaintiff's eviction—which this Court cannot stay under *Rooker-Feldman*—plaintiff has not put forward evidence of any irreparable harm she is likely to suffer in the absence of injunctive relief. Because she has not shown that she will suffer any injury other than eviction "that is neither remote nor speculative, but actual and imminent," *Grand River Enter. Six Nations, Ltd. v. Pryor*, 481 F.3d 60, 66 (2d Cir. 2007) (citation omitted), her request to enjoin defendant from "engaging in any further retaliation, harassment, or denial of reasonable accommodations," Mot. for a TRO 1, is denied.

## CONCLUSION

For the foregoing reasons, the motion for a TRO and preliminary injunction is denied.

SO ORDERED.

                                              /s/ Rachel Kovner
                                              RACHEL P. KOVNER
                                              United States District Judge

Dated: September 16, 2025
       Brooklyn, New York