UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x

JACQUELINE PETERS,

                Plaintiff,

       v.

CATON TOWERS OWNERS CORP.,

                Defendant.

-------------------------------------------------------x

**MEMORANDUM AND ORDER**
25-CV-4176 (RPK) (JRC)

RACHEL P. KOVNER, United States District Judge:

*Pro se* plaintiff Jacqueline Peters and defendant Caton Towers Owners Corporation ("Caton") have been embroiled in state court litigation since 2021 over Peters' occupancy of an apartment in a building managed by Caton. Caton obtained a final judgment of possession of Peters' unit, along with a warrant of eviction, in May 2025. *See* Def.'s Mem. of L. in Opp. Pl.'s Mot. for TRO (Dkt. #30-2) (Ex. L). She has filed an appeal from that order, but no action on the appeal has occurred in the New York Appellate Term, Second Department. *See* Mot. for Relief from Judgment (Dkt. #48-1) (Ex. 1). Peters has repeatedly sought and been denied stays of eviction in the Civil Court of the City of New York and New York Supreme Court, Kings County. *See* Def.'s Mem. of L. in Opp. Pl.'s Mot. for TRO (Exs. Q, R, S).

In July 2025, Peters filed a lawsuit in this Court, alleging that Caton denied her reasonable disability accommodations and pursued a retaliatory eviction in violation of the Fair Housing Act, 42 U.S.C. § 3601, *et seq.*, and state laws. She moved for a temporary restraining order ("TRO") and preliminary injunction prohibiting Caton from evicting her and from engaging in further discrimination. This Court denied the TRO and preliminary injunction, holding that an injunction

1

to stop Peters' eviction would be barred by the *Rooker-Feldman* doctrine, which prohibits federal courts from exercising subject-matter jurisdiction over claims that effectively seek reversal of state-court judgments. *See* 9/16/2025 Mem. & Order 2–4 (Dkt. #42).

Peters now moves under Federal Rule of Civil Procedure 60(b) for relief from the Court's judgment denying her motion for a TRO and preliminary injunction. She states that she inadvertently failed to inform the Court that she has appealed the housing court's judgment, and that the *Rooker-Feldman* doctrine does not apply where the underlying state proceedings are on appeal. *See* Mot. for Relief from Judgment 1.

As explained below, Peters is correct that the *Rooker-Feldman* doctrine does not apply because of the pending state court appeal. Nevertheless, plaintiff's motion is denied because a different legal constraint on the authority of federal courts—the Anti-Injunction Act, 28 U.S.C. § 2283—prohibits the Court from granting an injunction against an eviction authorized by a state court. And while the parties briefed this Court's authority to grant plaintiff's requested relief solely through the lens of *Rooker-Feldman*, the Anti-Injunction Act is a jurisdictional constraint that limits this Court's authority even if not invoked by the parties. *See, e.g.*, *Young Rah v. Sang Chul Lee*, No. 12-CV-7969 (JPO), 2014 WL 1099812, at *5 (S.D.N.Y. Mar. 20, 2014) ("If an action is barred by the Anti–Injunction Act the District Court lacks subject matter jurisdiction and the complaint must be dismissed." (quoting *Johnson v. United States*, 680 F. Supp. 508, 512 (E.D.N.Y. 1987))); *Roggio v. Fed. Deposit Ins. Corp.*, 313 F. Supp. 3d 129, 132 n.2 (D.D.C. 2018) ("Courts have considered *sua sponte* whether the Anti–Injunction Act applies.") (collecting cases).

\* \* \*

As an initial matter, the Court construes plaintiff's motion as one "to alter or amend [the] judgment" under Rule 59(e). Although plaintiff purports to bring her motion under Rule 60(b),

2

that Rule only applies to relief from "a final judgment." An order denying a motion for a preliminary injunction is not a final judgment, so Rule 60(b) does not apply. *See Lichtenberg v. Besicorp Grp. Inc.*, 204 F.3d 397, 400 (2d Cir. 2000) (explaining that an order ruling on a preliminary injunction is interlocutory); *Augustin v. Digirolamo*, No. 25-CV-03332 (NCM) (TAM), 2025 WL 2689598, at *1 n.4 (E.D.N.Y. Sept. 19, 2025) ("[P]laintiff's motion 'cannot be construed as one for relief from entry of a final judgment or order[,] . . . as a preliminary injunction is not a final judgment, order, or proceeding[.]'" (alterations in original and citation omitted)).

Rule 59(e), however, permits motions "to alter or amend a judgment." Because an interlocutory order denying a preliminary injunction is a "judgment"—albeit not a final one—relief under Rule 59(e) is available. *See Lichtenberg*, 204 F.3d at 400 ("Since the Judicial Code permits an appeal from an interlocutory order granting, refusing, or refusing to dissolve an injunction, an interlocutory order granting a preliminary injunction is a judgment . . . under Rule 59 to alter or amend the judgment." (citations and quotation marks omitted)); *Augustin*, 2025 WL 2689598, at *1 n.4 ("[P]laintiff's motion for reconsideration [of an order denying a preliminary injunction] is properly made pursuant to Rule 59(e), which allows for alterations of appealable judgments." (citation and quotation marks omitted)).

Peters cannot meet the standard for relief under Rule 59(e) because—as a result of the Anti-Injunction Act—the additional information to which plaintiff directs the Court would not change the Court's decision on her request for a TRO and preliminary injunction. A party may obtain relief under Rule 59(e) "only when the party identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Cho v. Blackberry Ltd.*, 991 F.3d 155, 170 (2d Cir. 2021) (citation and alterations omitted). The standard for granting such a motion is "strict," and generally requires that the party seeking

3

reconsideration put forward "matters . . . that might reasonably be expected to alter the conclusion reached by the court." *Ibid.*

Peters has not identified an intervening change of law, and the pending appeal of the housing court's decision does not constitute "new evidence" because the fact of the pending appeal was previously known and available to Peters. *See Patel v. Lutheran Med. Ctr., Inc.*, 775 F. Supp. 592, 596 (E.D.N.Y. 1991) ("Under Rules 59(e) and 60(b)(2) evidence which was 'in the possession of the party before the judgment was rendered is not newly discovered and does not entitle him to relief.'" (citation and alterations omitted)). And Peters has not demonstrated a need to correct clear error or prevent manifest injustice, because the fact that the housing court's decision was on appeal would not have changed the bottom line of the original order. *Compare Cho*, 991 F.3d at 171 (concluding that reconsideration was not necessary "to prevent a manifest injustice" because the new information "cannot alter the outcome in [the] case."), *with LPD New York, LLC v. Adidas Am., Inc.*, No. 15-CV-6360 (MKB), 2024 WL 4534153, at *4 (E.D.N.Y. Oct. 19, 2024) (considering new information "in the interest of justice" because the new information would have changed the disposition of the court's order granting summary judgment). Peters is correct that "[i]f a federal-court plaintiff's state-court appeal remains pending when she files her federal suit, the state-court proceedings have not ended and *Rooker-Feldman* does not apply." *Hunter v. McMahon*, 75 F.4th 62, 70 (2d Cir. 2023). As a result, the *Rooker-Feldman* doctrine would not have applied had Peters argued that the housing court's decision was on appeal.

Nevertheless, an injunction stopping Peters' eviction would still have been barred by the Anti-Injunction Act. The Anti-Injunction Act provides that "[a] court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act

4

of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283.

"The Anti-Injunction Act, subject to [its] exceptions, prohibits injunctive relief that would interfere, directly or indirectly, with pending state proceedings, or that would 'prohibit utilization of the results of a completed state proceeding.'" *Pathways, Inc. v. Dunne*, 329 F.3d 108, 113 (2d Cir. 2003) (quoting *Atl. Coast Line R.R. v. Bhd. of Locomotive Eng'rs*, 398 U.S. 281, 287 (1970)) (alteration omitted). An injunction may violate the Act even if it is framed in a way that does not explicitly stay a state-court proceeding. In *Atlantic Coast Line Railroad v. Brotherhood of Locomotive Engineers*, 398 U.S. 281 (1970), for example, the Supreme Court held that a district court violated the Act when it "enjoin[ed] enforcement of [a] state court injunction." *Id.* at 288. The district court's injunction there "enjoin[ed] the petitioner . . . from invoking an injunction issued by a Florida state court which prohibited certain picketing by respondent." *Id.* at 283. According to the Supreme Court, that injunction violated the Act because it "prohibit[ed] utilization of the results of a completed state proceeding." *Id.* at 287.

As in *Atlantic Coast*, the injunctive relief sought here would enjoin the enforcement of a state court order and prohibit a litigant from utilizing the results of a completed state proceeding. The housing court issued a warrant of eviction authorizing Caton to evict Peters. An injunction barring the eviction would, in substance and effect, enjoin Caton from enforcing the warrant of eviction and deprive it of utilizing the judgment it obtained in state court. Accordingly, injunctive relief to stop the eviction is prohibited by the Anti-Injunction Act unless one of the Act's three exceptions applies. *See Baumgarten v. Cnty. of Suffolk*, No. 07-CV-539 (JS) (AKT), 2007 WL 1490482, at *4 (E.D.N.Y. May 15, 2007) (holding that the Anti-Injunction Act prevented "an injunction barring [plaintiff's] eviction, for which a Warrant of Eviction was issued by" a state

5

court); *Kristopher v. Stone St. Props., LLC*, No. 13-CV-566 (RJS), 2013 WL 499752, at *2–3 (S.D.N.Y. Jan. 29, 2013) (finding the Anti-Injunction Act barred an injunction "enjoin[ing] Defendants 'from proceeding with any further attempt to evict Plaintiff'" after defendant received a state-court warrant of eviction); *Greer v. Mehiel*, No. 15-CV-6119 (AJN), 2016 WL 828128, at *4 (S.D.N.Y. Feb. 24, 2016) ("[T]he AIA bars the Court from enjoining the state housing court proceeding or staying the warrant of eviction."); *Sierra v. City of New York*, 528 F. Supp. 2d 465, 469 (S.D.N.Y. 2008) ("[T]he Anti-Injunction Act therefore bars plaintiff's application for injunctive relief to stay the Housing Court eviction proceedings and to prohibit defendant Ibrahem from prosecuting the eviction.").

None of the Act's exceptions apply. The first exception—if relief is "expressly authorized by Act of Congress"—applies only if a federal statute explicitly authorizes an injunction staying state proceedings or if the statute "create[s] a specific and uniquely federal right or remedy, enforceable in a federal court of equity, that could be frustrated if the federal court were not empowered to enjoin a state court proceeding." *Mitchum v. Foster*, 407 U.S. 225, 237 (1972). Here, no federal statute explicitly authorizes an injunction preventing the enforcement of the warrant of eviction. Nor is such an injunction necessary to protect plaintiff's federal rights. "Since the Fair Housing Act is expressly enforceable in both state and federal courts," *Kristopher*, 2013 WL 499752, at *3 (citation omitted), Peters could have "raise[d] her claim that [defendant] violated the Fair Housing Act as an affirmative defense to the eviction proceeding," *id.* at *4; *Greer*, 2016 WL 828128, at *4 ("[N]one of the three exceptions to the AIA apply to Fair Housing Act claims, so long as the plaintiff 'may raise [his] claim that Defendants violated the Fair Housing Act as an affirmative defense to the eviction proceeding.'" (citation omitted)); *see Moore v. Capital Realty Grp.*, 21-CV-1099 (LGF), 2023 WL 4699915, at *4 (W.D.N.Y. July 24, 2023) ("Here, each of the

6

statutes on which Plaintiff here relies, *i.e.*, the ADA, the Rehabilitation Act, and the FHA, may be enforceable in both state and federal courts. . . . Accordingly, the first exception is inapplicable.").

The second exception—"where necessary in aid of [the federal court's] jurisdiction"—is likewise inapplicable. That exception "is triggered only if 'some federal injunctive relief may be necessary to prevent a state court from so interfering with a federal court's consideration or disposition of a case as to seriously impair the federal court's flexibility and authority to decide that case.'" *Allen v. New York City Hous. Auth.*, No. 10-CV-168 (CM) (DCF), 2010 WL 1644956, at *4 (S.D.N.Y. Apr. 20, 2010) (quoting *Atl. Coast Line R.R.*, 398 U.S. at 295). Here, an injunction stopping the eviction is not necessary to preserve this Court's jurisdiction over plaintiff's Fair Housing Act claims because the Court can still decide her claims for damages even if she is evicted. *See Baumgarten*, 2007 WL 1490482, at *4 ("This Court's ability to decide and award damages, if appropriate, in the underlying federal retaliation case will not be impaired in the absence of an injunction. Accordingly, the second exception to the Anti-Injunction Act is inapplicable in this case."); *Kristopher*, 2013 WL 499752, at *4 (same).

Finally, the third exception—"to protect or effectuate [the federal court's] judgments"—also does not apply. This exception "only applies where an issue has been previously presented to and decided by the federal court." *Allen*, 2010 WL 1644956, at *4. It has no application, however, where there is "no final judgment." *Baumgarten v. Cnty. of Suffolk*, No. CV 07-539 (JS) (AKT), 2007 WL 1490487, at *9 (E.D.N.Y. Feb. 20, 2007), *report and recommendation adopted*, No. 07-CV-539 (JS) (AKT), 2007 WL 1490482 (E.D.N.Y. May 15, 2007). Because this Court has only denied a preliminary injunction and has not issued a final judgment, the third exception is inapplicable. *See Milhaven v. Country Vill. Apartment*, No. 19-CV-2384 (KMK), 2020 WL 5663380, at *10 (S.D.N.Y. Sept. 23, 2020) ("[B]ecause this litigation is in its nascent stages and

7

the Court has yet to issue any orders, [with the exception of its denial of a preliminary injunction,] the third exception is inapplicable." (citation omitted and second alteration in original)).

Because the Anti-Injunction Act bars the injunctive relief Peters seeks, the fact that the housing court's decision is on appeal would not have changed the outcome of the Court's order denying a TRO and preliminary injunction. Nor has Peters presented any other argument—aside from her *Rooker-Feldman* argument—that identifies an error warranting relief from judgment. Accordingly, Peters' motion is denied.

* * *

For the foregoing reasons, the motion for relief from the judgment is denied.

SO ORDERED.

                            /s/ Rachel Kovner
                           RACHEL P. KOVNER
                           United States District Judge

Dated: October 5, 2025
        Brooklyn, New York